Andrew P. Altholz (SBN 152713)
Attorney at Law
100 Wilshire Boulevard, Suite 950
Santa Monica CA 90401-1145
Phone (310) 451-0789
Fax   (310) 821-4905
Email andrewpaltholz@msn.com

Attorney for Defendant & Third Party Plaintiff Sequoia Concepts, Inc. dba Sequoia Financial Services

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – SPRING STREET COURTHOUSE

| | |
|---|---|
| Memphis Montag,<br><br>                    Plaintiff.<br><br>vs.<br><br>Sequoia Concepts Inc. a California corporation dba Sequoia Financial Services;<br><br>                    Defendant.<br>_____<br>Sequoia Concepts Inc. a California corporation dba Sequoia Financial Services,<br><br>                    Third Party Plaintiff,<br><br>vs.<br><br>LiveVox Inc. a Delaware corporation etc. et al.<br><br>                    Third Party Defendants | Case No. CV12 0433-R(PLAx)<br><br>**OPPOSITION TO THIRD PARTY DEFENDANT LIVEVOX INC.'S MOTION TO DISMISS THIRD PARTY COMPLAINT; POINTS & AUTHORITIES; FILED WITH CONCURRENT REQUEST FOR JUDICIAL NOTICE & CONCURRENT OBJECTION TO EVIDENCE SUBMITTED BY THE MOVING PARTY;**<br><br>Judge: Hon. Manuel L. Real<br><br>DATE: October 1, 2012<br>TIME: 10:00 am<br>CTRM: 8 (2ND FLOOR) |

TO THE COURT AND ALL INTERESTED PARTIES, PLEASE TAKE NOTICE THAT Defendant Sequoia Concepts Inc. a California corporation dba Sequoia Financial Services ("Sequoia") hereby submits the following brief in opposition to Third Party Defendant LiveVox Inc.'s ("LiveVox") Motion to Dismiss the Third Party Complaint and or for leave to amend to conform to the Court's findings and orders as to the instant motion.

///

## STATEMENT OF FACTS

The underlying First Amended Complaint asserts three claims for relief under: Federal FDCPA claims; California State FDCPA Claims under the Rosenthal Act; and Class Action certification.

The factual basis for each of these three claims, arise from actual telephone calls and resulting phone messages, received by Mr. Montag, as alleged in paragraphs 10 to 13 of the First Amended Complaint, which calls and messages, were generated or provided by LiveVox through its compliance tools or system, as is set forth in paragraph 2 of the Third Party Complaint which seeks indemnity, contribution and apportionment, negligence, negligent misrepresentations and breach of contract as to the same.

LiveVox holds itself out to the public as providing compliance tools for [debt] collections and contracted with Sequoia to provide these tools [phone calls and messages], which were used to communicate with Mr. Montag, giving rise to the underlying First Amended Complaint. See the concurrent request for judicial notice as to LiveVox's web page on collections http://www.livevox.com/industries/collections/.

## ARGUMENT

The unusual facts of this case, do not fit neatly, within the holdings of prior cases, because of the level of involvement by LiveVox in the activity, on which Mr. Montag's Federal and State FDCPA claims are premised, and by the fact that these acts [the phone calls] will necessarily be tried as part of Mr. Montag's Federal and State FDCPA claims. See Newman v. Checkrite California, Inc. (E.D. Cal. 1995) 912 F.Supp. 1354, 1371 [An Attorney could not avoid FDCPA liability based on a contribution theory that the underlying creditor / lender settled with the Debtor/ Plaintiff, but in Dicta the Court stated that a Collection Agency found liable under the FDCPA may be entitled to seek indemnity from its former attorneys where there was a contract requiring the attorneys agreed under an indemnity term not to violate the FDCPA], or Irwin v. Mascott (N.D. Cal. 2000) 94 F.Supp.2d 1052, 1056 [A debt collector and its principal could not join its former attorney's on a malpractice theory as a defense to the FDCPA violation due to the lack of a Federal statutory, implied of common law right and the resulting prejudice and complication of trial issues] and / or Connor Howe ( SD IN 2004) 344 F Supp2d 1164, 1171, based on the rationale set forth in Crescent Wharf & Warehouse Co. v. Barracuda Tanker Corp., 696 F.2d 703, 706  (9th Cir.1983) and the authorities discussed therein,[where there is a "comprehensive and reticulated" remedial

scheme, that does not expressly provide for contribution (or indemnification) as a remedy, a court should assume that Congress left it out intentionally, and not create an unintended remedy, particularly one in favor of the group the statute is aimed at regulating, rather than protecting it.]

The Federal FDCPA remains a "comprehensive and reticulated" remedial scheme, that does not expressly provide for contribution (apportionment or indemnification) as express remedies.  Nor, does the California FDCPA.  However, the application of the these prior cases, to the facts of this case, arguably calls for a different result, by implication, given the difference in the level of LiveVox's involvement, in the underlying acts, which are the basis of Mr. Montag's claims, and the extent to which the same are intertwined with Sequoia's defenses, including its bona fide error defenses under 15 USC Section 1692k (c) and or including its unintentional violation defenses under California Civil Code Section 1788.30 (e), because Sequoia was using a computerized compliance tool or system to avoid any such errors and or violations.

The decision whether to permit impleader is left to the sound discretion of the trial court. Fed.R.Civ.P. Rule 14(a), 28 U.S.C.A. "[A] court, called upon to exercise its discretion as to impleader, must balance the desire to avoid circuitry of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case." *Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 439 n. 6 (3d Cir.1971), cert. denied, 405 U.S. 1017, 92 S.Ct. 1294, 31 L.Ed.2d 479 (1972) (In deciding whether to permit impleader, a court must consider the following: (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead.)  Irwin v. Mascott (N.D. Cal. 2000) 94 F.Supp.2d 1052, 1056.

Unlike the facts of Irwin, impleader was not allowed as the basis for indemnity, as the alleged legal malpractice by the Collection agencies attorney in advising the Collection Agency as to its compliance obligations, was substantially unrelated to the acts in the underlying complaint.  The Court also found the same would have caused prejudice and complication of the issues at trial by requiring a mini trial as to the malpractice claims, which has nothing to do with the underlying Plaintiff's claims, within an FDCPA case.

///

However, Mr. Montag's claims of Federal and California FDCPA violations are solely based on the actual calls, which were made or processed by LiveVox's computerized compliance tools or systems, and arguably a different result should occur as Mr. Montag's claims cannot be tried without examination and evidence of these actual phone calls, which would not cause any prejudice to Mr. Montag or any complication of the issues at trial, which will necessarily require evidence of and examination of the underlying phone calls.

As to the California FDCPA, no case authority could be located as to the right to seek indemnity, apportionment or contribution, under California State law FDCPA claims.

## CONCLUSION

For the above stated reasons, the Court is requested to find that Sequoia's Third Party Claims may proceed as pled arising by implication of the claims and defenses at issue in relation to Mr. Montag's allegations as to the actual phone calls or that leave to amend be granted to allow Sequoia to conform its pleading to the Court's findings and orders on this Motion.

Respectfully submitted,
Dated: September 10, 2012

By: _____
Andrew P. Altholz
Attorney for Defendant & Third Party
Plaintiff Sequoia Concepts Inc. dba
Sequoia Financial Services

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18, a member of the bar of this Court, and not a party to the within action. My business address is 100 Wilshire Boulevard, Suite 950, Santa Monica CA 90401-1145. On September 10, 2012, I served the within document(s) described as:

**OPPOSITION TO THIRD PARTY DEFENDANT LIVEVOX INC.'S MOTION TO DISMISS THIRD PARTY COMPLAINT; POINTS & AUTHORITIES; FILED WITH CONCURRENT REQUEST FOR JUDICIAL NOTICE & CONCURRENT OBJECTION TO EVIDENCE SUBMITTED BY THE MOVING PARTY** on the interested parties in this action as stated on the attached mailing list.

☐ (BY MAIL) By placing true copies of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

☐ (BY EXPRESS MAIL) By placing true copies of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and overnight mailing following ordinary business practices. I am readily familiar with this firm's practice for collection and processing of Express Mail to be sent overnight by the U.S. Postal Service. Under that practice, it would be deposited on that same day in the ordinary course of business, with Express Mail postage thereon fully prepaid, in a post office, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the U.S. Postal Service for receipt of Express Mail.

☐ (BY OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, true copies of the foregoing document(s) in a sealed envelope or package designated by the express service carrier, addressed as set forth on the attached mailing list, with fees for overnight delivery paid or provided for.

☐ (BY FAX) By transmitting a true copy of the foregoing document(s) via facsimile transmission from this firm's facsimile machine, to each interested party at the facsimile machine telephone number(s) set forth on the attached mailing list. Said transmission(s) were completed on the aforesaid date at the time stated on the transmission record issued by this firm's sending facsimile machine. Each such transmission was reported as complete and without error and a transmission report was properly issued by this firm's sending facsimile machine for each interested party served. A true copy of each transmission report is attached to the office copy of this proof of service and will be provided upon request.

☒ (BY E-MAIL) By transmitting true copies of the foregoing document(s) to the e-mail addresses set forth on the attached mailing list or by the Court's ECF system.

I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 10, 2012 at Santa Monica, California.

| Andrew P Altholz | /s/ Andrew P. Altholz |
|---|---|
| (Type or print name) | (Signature) |

SERVICE LIST

ajg@consumerccounselgroup.com

Counsel for Plaintiff

nvu@willenken.com

Counsel for Third Party Defendant