1  Nhan T. Vu (State Bar No. 189508)
   nvu@willenken.com
2  WILLENKEN WILSON LOH & DELGADO LLP
   707 Wilshire Blvd., Suite 3850
3  Los Angeles, CA  90017
   Telephone:   (213) 955-9240
4  Facsimile:    (213) 955-9250

5  Nathaniel P. T. Read (admitted *pro hac vice*)
   nread@cohengresser.com
6  COHEN & GRESSER LLP
   800 Third Ave., 21st Floor
7  New York, NY 10022
   Telephone:   (212) 957-7600
8  Facsimile:    (212) 957-4514

9  Attorneys for Third-Party Defendant
   LiveVox, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MEMPHIS MONTAG,<br><br>         Plaintiff,<br><br>    v.<br><br>SEQUOIA CONCEPTS, INC., a California corporation dba Sequoia Financial Services,<br><br>         Defendant. | Case No. 12-CV-0433 R (PLAx)<br><br>**LIVEVOX, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**<br><br>DECLARATION OF MICHAEL LERARIS IN SUPPORT THEREOF AND RESPONSE TO OBJECTION TO EVIDENCE OFFERED IN SUPPORT OF MOTION TO DISMISS THIRD-PARTY COMPLAINT SUBMITTED CONCURRENTLY HEREWITH |
| SEQUOIA CONCEPTS, INC., a California corporation dba Sequoia Financial Services,<br><br>         Third-Party Plaintiff,<br><br>    v.<br><br>LIVEVOX, INC., a Delaware corporation; DOES 1 to 10.<br><br>         Third-Party Defendants. | Hearing<br>Judge:       Hon. Manuel L. Real<br>Date:         October 1, 2012<br>Time:         10:00 a.m.<br>Courtroom:  8 |

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Third-Party Defendant LiveVox, Inc. ("LiveVox") respectfully submits this Reply Memorandum of Points and Authorities in Further Support of its Motion to Dismiss the Third-Party Complaint (the "Third-Party Complaint") filed by Third-Party Plaintiff Sequoia Concepts, Inc. d/b/a Sequoia Financial Services ("Sequoia").

**PRELIMINARY STATEMENT**

In its opening Memorandum of Points and Authorities, LiveVox showed how each of Sequoia's five claims fails as a matter of law. In its opposition, Sequoia addresses only its flawed claims for indemnity and contribution and apportionment, conceding that its claims for negligence, negligent misrepresentations, and breach of contract cannot survive. But Sequoia's opposition also does not and cannot answer the legal insufficiencies of the claims for indemnity and contribution and apportionment. As a result, the Third-Party Complaint should be dismissed in its entirety.

LiveVox's Memorandum showed that Sequoia cannot seek express indemnity because the written contract between the parties (the "MSA") contains a limited indemnification provision covering only claims regarding another party's intellectual property rights. Sequoia's only argument opposing this point is to object to the consideration of the MSA on LiveVox's motion. Sequoia's objection has no merit and does not prevent the dismissal of the express indemnity claim.

The implied indemnity and contribution and apportionment claims fare no better. Sequoia admits that neither the FDCPA nor Rosenthal Act expressly provides for claims of implied indemnity or contribution and apportionment. Although Sequoia asserts that certain unspecified facts distinguish this case, in truth there is no legal or factual basis for Sequoia's implied indemnity and contribution and apportionment claims.

Finally, although Sequoia requests the right to amend the Third-Party Complaint, it offers nothing to show how an amendment could cure the fatal flaws in its claims. Sequoia's failure, as well as the points made in LiveVox's opening

Memorandum, shows that any amendment to the Third-Party Complaint would be futile. As a result, Sequoia's request for amendment should be denied.

For all these reasons, the Third-Party Complaint should be dismissed in its entirety and with prejudice.

## I. SEQUOIA CANNOT SHOW ANY LEGAL BASIS FOR ITS INDEMNITY AND CONTRIBUTION AND APPORTIONMENT CLAIMS.

### A. Sequoia Cannot Escape The MSA's Terms.

In response to LiveVox's showing that the MSA bars a claim for contractual indemnity because it covers only claims that are plainly not made here, Sequoia offers only an objection to the consideration of the MSA on the grounds of authenticity and hearsay. *See* Objection to Evidence in Support of Opposition to Third Party Defendant LiveVox Inc.'s Motion to Dismiss Third Party Complaint at 2. The copy of the MSA supplied to the Court is authentic. *See* Vu Decl. ¶ 3 & Exh. B; *see also* Declaration of Michael Leraris dated September 17, 2012 submitted herewith. The MSA, on which Sequoia bases its deficient claims for contractual indemnification and breach of contract, is also not hearsay. *See Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1154 (9th Cir. 2000) (insurance policy not hearsay because it is a "legally operative document that defines the rights and liabilities of the parties in this case."); *United States v. Belluci*, 995 F.2d 157, 161 (9th Cir. 1993) (holding that FDIC certificate of insurance, "[l]ike a written contract that memorializes the fact of a legal agreement . . . 'affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights,' [and thus] falls outside the definition of hearsay." (quoting Fed.R.Evid. 801(c) adv. com. note, reprinted in 56 F.R.D. 183, 293 (1972)). Sequoia's spurious evidentiary objection should thus be rejected. Instead, Sequoia should be held to the terms of the MSA, which mandate the dismissal of Sequoia's claim for contractual indemnity.

/ / /

## B. Sequoia Admits That It Cannot Assert Claims for Implied Indemnity And Contribution and Apportionment.

Sequoia admits that the FDCPA "does not expressly provide for contribution (apportionment or indemnification) as express remedies" and that the Rosenthal Act also does not provide a right to implied indemnification or contribution and apportionment. Opp. at 3. Sequoia's concessions mean, as LiveVox showed in its opening Memorandum, that Sequoia's claims for implied indemnity (also known as equitable indemnity) and contribution and apportionment must be dismissed because they simply do not exist under the applicable law. *See Perez v. Gordon & Wong Law Group, P.C.*, 2012 WL 1029425, at *11 (N.D. Cal. March 26, 2012) (dismissing affirmative defenses of apportionment and equitable indemnity because those claims do not apply in FDCPA or Rosenthal Act causes of action); *see also Nelson v. Equifax Info. Svcs., LLC*, 522 F. Supp. 2d 1222, 1239 (C.D. Cal. 2007) (FDCPA does not create "an implied or express right of contribution, indemnification, or equitable credit"); *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1058-60 (N.D. Cal. 2000) (denying motion to serve third-party complaint asserting contribution and apportionment claims; plaintiff's claims arose under the FDCPA and California Unfair Business Practices Act).

In opposition, Sequoia asserts that even though it has no legal basis for its implied indemnity and contribution and apportionment claims, unspecified "unusual facts" distinguish this case because Sequoia used LiveVox's Application Service to call Plaintiffs and that service includes "compliance tools or systems." Opp. at 2 & 4. These conclusory statements provide no legal right to Sequoia to assert these claims. They also provide no factual support for a claim against LiveVox, particularly because the MSA provides that *Sequoia* was solely responsible for "all activities" performed by it when using LiveVox's Application Service and that it was *Sequoia's responsibility* to "comply with all applicable local, state, federal, and foreign laws in using the Application Service." MSA § 3.2 (Exh. B). Accordingly,

Sequoia's claims for implied indemnity and contribution and apportionment must be dismissed.

## II. SEQUOIA FAILS TO PROVIDE ANY BASIS FOR GRANTING LEAVE TO AMEND.

Sequoia requests the ability to amend the Third-Party Complaint "to conform its pleading to the Court's findings and orders on this Motion," but does not provide any new facts or other basis for an amendment. Opp. at 4. Thus leave to amend should be denied because Sequoia has failed to show how it could cure the legal deficiencies in the Third-Party Complaint. *See Allen v. City of Beverly Hills*, 911 F.3d 367, 374 (9th Cir. 1990) (leave to amend properly denied where party presents no new facts and "no explanation for [its] failure to develop [its] contentions originally"). Sequoia's failure to articulate any basis for a proposed amended complaint shows that, as demonstrated in LiveVox's motion to dismiss, any amendment of the Third-Party Complaint would be futile. *See Gardner v. Martino*, 563 F.3d 981, 990-91 (9th Cir. 2009) (affirming dismissal and denial of leave to amend where proposed amendment would be futile); *Tanasescu v. State Bar of California*, 2012 WL 1401294, at *26 (C.D. Cal. March 26, 2012) (dismissing action without leave to amend where the "fatal flaws" in plaintiff's claims could not be cured). Accordingly, leave to amend the Third-Party Complaint should be denied.

## CONCLUSION

For all the foregoing reasons and the reasons set forth in LiveVox's opening Memorandum of Points and Authorities, LiveVox respectfully submits that Sequoia's claims must be dismissed in their entirety, with prejudice.

/ / /

/ / /

/ / /

/ / /

...

| | |
|---|---|
| Dated: September 17, 2012 | WILLENKEN WILSON LOH & DELGADO LLP |
| | By: /s/ Nhan T. Vu |
| | Nhan T. Vu |
| | COHEN & GRESSER LLP |
| | Nathaniel P.T. Read (admitted *pro hac vice*) |
| | Attorneys for Third Party Defendant LiveVox, Inc. |

**CERTIFICATE OF SERVICE**

I hereby certify and declare under penalty of perjury that I am over the age of 18 and am not a party to this action.  My business address is 707 Wilshire Boulevard, Suite 3850, Los Angeles, CA  90017.  A copy of the foregoing REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF ITS MOTION TO DISMISS in Case No. 12-CV-0433 R (PLAx), was served on this date by electronically submitting a copy of the same on the District Court's website, CM/ECF system.

Dated:  September 17, 2012

By: /s/ Nhan T. Vu
       Nhan T. Vu